ZACHARIAH PRICE, PETITIONER-DEFENDANT, v. BOYSAW PRICE, RESPONDENT-PROSECUTOR.

Submitted February 2, 1931—Decided April 9, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Henry J. Stanfield* and *William V. Azzoli.*

For the defendant, *Edwin J. O'Brien.*

PER CURIAM.

The writ brings up a judgment of the Common Pleas Court affirming an award in a workmen's compensation case. The injured man was working on an automobile truck owned by his employer, a brother. At the time of his injury they had been engaged in moving furniture in a small truck, and were returning home when they were run into by another truck on the Lawrenceville-Princeton road. Petitioner's arm was fractured. The reduction of this fracture has not been attended with success.

The principal question presented is whether the petitioner's employment was casual.

Section 23, subdivision (c), of this act (*Pamph. L.* 1911, *p.* 134), as amended by chapter 93, laws of 1919 (*Pamph. L., p.* 201, § 9), defines an employe entitled to the benefit of the act as follows:

"Employe is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment, the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring."

Judge Donges said, in *Forrester* v. *Eckerson*, 8 *N. J. Adv. R.* 499:

"It will be noted that employment covered by this section has been divided into two classes: (1) That which is in connection with the employer's business, and (2) that which is not in connection with the employer's business. Appellants concede that the employment in the instant case falls within the second classification."

Obviously, the petitioner was engaged in the employer's business. The question, therefore, arises whether the employment occurred by chance or was purely accidental within the meaning of the statute.

The Court of Errors and Appeals held in *Mullen* v. *Walker,* 105 *N. J. L.* 199: "Where plaintiff, having lost regular position, was employed by defendant to unload car of flour, and two days later was employed by defendant to unload another car, and was injured while unloading same, his employment was not 'casual,' and he could not maintain action for injuries."

As to the employment of a longshoreman not being casual, Mr. Justice Bergen said, in *Sabella* v. *Brazilerio*, 86 *N. J. L.* 505, 506; *affirmed,* 87 *Id.* 710:

"As to the other point, the evidence shows that deceased was justified in the expectation that the employment would continue at least until the ship was loaded or so long as his services were required for that purpose. While this class of work was not constant, depending upon there being a ship of the prosecutor in port, it appears that the deceased was frequently called upon by the prosecutors to serve them in this particular character of work, being one of a class of

stevedores ready to respond when called. We think this supports the finding that the employment was not casual within the meaning of the word as expressed in the statute. The ordinary meaning of the word 'casual' is something which happens by chance, and an employment is not casual—that is, arising through accident or chance, where one is employed to do a particular part of a service recurring somewhat regularly with the fair expectation of its continuance for a reasonable period."

Prior to February 1st, 1928, the petitioner had been steadily employed in his brother's business, which consisted of trucking, digging cellars and odd jobs of related character. One of the defendant's sons having grown to manhood, a change in the business was effected. Horses and wagons were sold, an automobile truck was purchased and the continuous employment of petitioner ceased. There is a conflict of testimony as to whether he took part time employment elsewhere or not. At all events, no disinterested witnesses on this point were called. When the defendant needed help he called upon his brother, and although there was testimony that the defendant would send his son to get any man to do the job at hand there was no proof that any other were employed.

There is sufficient testimony to support the findings of the bureau and the Common Pleas. The character of the employment under their findings seems not to have been casual within the meaning accorded to the statute. The findings of two tribunals should not be lightly disturbed. *Mountain Ice Co.* v. *Durkin,* 6 *N. J. Mis. R.* 1111. Nor will the findings of the trial judge be disturbed if supported by the evidence. *Hanna* v. *Erie Railroad Co.,* 8 *N. J. Mis. R.* 829, and cases there cited.

Obviously, the injury arose out of and in the course of the employment. *Nevich* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *N. J. L.* 228.

The other fact questions submitted seem to have been disposed of in accordance with the evidence, and merits no further discussion.

The writ will be dismissed, with costs.