NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

CONSTANCE C. PAYNE, PETITIONER, v. HENION STORAGE
WAREHOUSE, RESPONDENT.

Decided November 30, 1939.

For the petitioner, *William B. McMichael* and *Harry Potter*.

For the respondent, *James J. Skeffington*.

\* · \* \* \* \* \* \*

I hereby find and determine the following facts:

Petitioner's decedent, Robert Elmo Payne, died as the result of heat prostration on May 29th, 1939, while working for the respondent as a mover of furniture. There is no question that respondent had knowledge of the injury, as it was he who procured medical attention for the deceased. Respondent does not deny that the deceased died as the result of heat prostration. The only question raised is whether or not the deceased was a casual employe of the respondent. Respondent testified that he is engaged in the moving and storage business; that it is the custom of his business that when certain moving jobs are to be performed requiring additional men arrangements are made in advance for the furnishing of these additional men in the number and according to the time required for such services. Respondent further testified that he had a moving job arranged for May 29th, 1939.

He further testified that the deceased was engaged as such extra man for this job on the day previous. He further testified that deceased reported for duty on the morning of May 29th, 1939, and was engaged by the respondent for this job at a wage based on fifty cents per hour for a nine-hour day.

There can be no question, but that the deceased was within an employment in connection with the respondent's business. His employment was therefore within the first group designated and defined within the provisions of *R. S.* 34:15-36. The test therefore as to whether or not the deceased's employment was casual is whether the occasion for his employment arose by chance or was purely accidental. From the evidence it cannot be said that the occasion for the employment of the deceased arose by chance or was it accidental. The deceased was hired as an extra man for this moving job in accordance with the plans of his employer and although the employment of the deceased for this particular job was not to exceed one day's work, it was nevertheless a regular employment for that day. The test as to whether or not employment be regular, periodic or recurring may only be applied to the second group in the statute herein before referred to (if the employment is not in connection with the business of the employer).

After carefully considering all of the evidence I feel that the employment was not casual and the petitioner is entitled to compensation benefits under the provisions of the Workmen's Compensation law. *Mullen* v. *Walker,* 105 *N. J. L.* 199; 143 *Atl. Rep.* 363; *Price* v. *Price,* 9 *N. J. Mis. R.* 435; 154 *Atl. Rep.* 323.

I further find from the evidence that petitioner was a part of the household of the deceased at the time of his death. I further find that there is insufficient evidence before me to satisfy me that the mother, Cora Payne, and father, Luther Payne, were in fact dependent upon the deceased. I will therefore find that the petitioner, Constance G. Payne, the widow of the deceased, is entitled to her statutory compensation benefits. I further find that the petitioner incurred funeral expenses in excess of the statutory amount. I fur-

ther find that any reasonable bill for medical or hospital services for the last illness of deceased shall be paid by the respondent.

. In view of the fact that thirty-five per cent. of the decedent's salary of $27 per week is less than the minimum of $10 per week, the minimum of $10 per week will apply as provided by statute. Payments to be made subject to the further provisions of statute as to remarriage or death of petitioner.

It is, therefore, * * * ordered that judgment be entered in favor of the petitioner and against the respondent. * * *
* * * * * * *

JOHN C. WEGNER,
Deputy Commissioner.