HARRY E. HARTMAN, SHERIFF OF THE COUNTY OF MERCER, PROSECUTOR, v. BOARD OF CHOSEN FREE-HOLDERS OF MERCER COUNTY AND GEORGE C. WID-MANN, DEFENDANTS.

Submitted October 1, 1940—Decided July 25, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Richard J. Hughes.*

For the defendant Board of Chosen Freeholders of Mercer County, *Philip S. Vine.*

For the defendant George C. Widmann, *Frank I. Casey.*

The opinion of the court was delivered by

HEHER, J. The question for decision is whether title 30, chapter 8, article 4 of the Revised Statutes of 1937 (*R. S.* 30:8-19 to 30:8-23) constitutes a delegation of legislative power in contravention of article IV, section 1, paragraph 1, of the State Constitution, in that section 30:8-19 empowers the boards of freeholders of the several counties of the state "to assume and thereafter to exercise the custody, rule, keeping and charge of the county jails in their respective counties, and of the prisoners therein, whenever" it "shall decide, by the affirmative votes of two-thirds of all its members, so to do, and shall file a certificate of such decision attested by the director and the clerk of such board, in the office of the secretary of state," and, in that event, to appoint "the keeper or warden of the jail or jails."

The insistence is that, since "the decision is left solely to the discretion" of the governing body "as to whether this statute shall be effective" in the particular county, there is an unlawful delegation of legislative authority. The doctrine of the case of *Booth* v. *McGuinness,* 78 *N. J. L.* 346, is invoked. There, a distinction was made between a "referendum statute" and a "delegation of legislative power;" and it was laid down that "the legislative will may be imposed as law upon municipalities, but, if any other will is to intervene between the legislature and such municipalities, it must be the will of the people who are to be governed by such law and not an alien will, even though it be that of the governing body for the time being of the municipality," and that "a

statute in the nature of a supplemental charter that is enacted to take effect upon its adoption by the governing body of a municipality is not a constitutionally enacted law." It was deemed that the ruling principle was enunciated in *City of Paterson* v. *The Society for Establishing Useful Manufactures,* 24 *Id.* 385. The holding in that case was that a charter granted by the legislature to a municipal corporation may constitutionally be submitted to the "corporators" for their acceptance as a *sine qua non* to its operation. Chief Justice Green distinguished between a submission to the inhabitants of the district "as a part of the sovereign people," and to them "simply as corporators." He observed: "Nor was the question upon the expediency of the statute or of any particular provision of the charter, but simply whether they would accept the charter tendered to them by the legislature. Their vote was an act of acceptance, not of legislation." And it was also noted that, though the legislature has a plentitude of power in this behalf, "sound principle requires" that a municipal charter "should not be forced upon the corporators against their consent."

In *Booth* v. *McGuinness, supra,* the cases of *Riley* v. *Trenton,* 51 *N. J. L.* 498, and *Schwarz* v. *Dover,* 70 *Id.* 502; *affirmed,* 72 *Id.* 311, were approved as exemplifying the true principle, while *De Hart* v. *Atlantic City,* 62 *Id.* 586, was overruled as "one in which a statute that was in effect a supplement to a municipal charter was limited to, and made operative in, those municipalities alone whose governing body should adopt such statute, *i. e.,* a 'referendum statute.' " Both in *Riley* v. *Trenton* and *Schwarz* v. *Dover, supra,* "the statute was not of such a character or so limited or conditioned but was *ex vi termini* an accession to the law-making power of an entire class of municipalities, *i. e.,* a 'statute delegating legislative power.' " In fine, the conclusion was that, with the single exception of *De Hart* v. *Atlantic City, supra,* the cases "are all harmonized by the recognition of the fact that from a constitutional standpoint the *acceptance* by a municipal corporation of the provisions of a legislative act is one thing and that the delegation of *legislative* power to municipal corporations is quite another and different thing."

The statute under review is in itself a full and complete exercise of the legislative authority. It invests the several boards of freeholders with the custody and control of the county jail, and of the prisoners therein, and with power to prescribe rules and regulations for the management and conduct thereof and to appoint the keeper or warden under the tenure therein prescribed, and to remove this functionary for "good cause." To render this statute operative in the individual county, it is essential only that its provisions be accepted in the manner therein outlined; and thus the enactment falls within the category of *Riley* v. *Trenton* and *Schwarz* v. *Dover, supra.* The acceptance of these functions is not an act of lawmaking in any sense of the term. The office of jail-keeper pre-existed this enactment; and the legislature had theretofore exercised its unquestionable control of the common jails. *Rev.* 1877, *p.* 1101; *Gen. Stat.* 1895, *p.* 1828, *et seq. Vide Sullivan* v. *McOsker,* 84 *N. J. L.* 380; *State* v. *DeLorenzo,* 81 *Id.* 613; *Virtue* v. *Freeholders of Essex,* 67 *Id.* 139. The assumption of jail management and of the authority to appoint a warden for the proper discharge of that responsibility do not constitute the exercise of the essential legislative function.

In *Hayes* v. *Hoboken,* 93 *N. J. L.* 432, the Court of Errors and Appeals sustained, as against the like contention of constitutional insufficiency, a statute (*Pamph. L.* 1911, *ch.* 72, *p.* 104; *Pamph. L.* 1916, *ch.* 144, *p.* 298) granting a pension to the widows of members of the municipal police force in certain circumstances, in the event that the local governing body should "adopt the provisions" of the statute by ordinance. The case was distinguished from *Booth* v. *McGuinness, supra,* thus: "In that case, the point was raised by an information in the Supreme Court, in the nature of a *quo warranto* to test the constitutionality of the so-called Civil Service Law. This court held that act was the delegation of legislative power to municipal corporations and it is not valid when submitted to the governing body of such municipality only. Here we have no such procedure, but only the acceptance by a municipal corporation of the provisions of a legislative act, which does not carry the delegation of legislative

powers. This is a vital distinction, from a constitutional standpoint, as was pointed out in that case." That case was not overruled, either expressly or by implication, in *McCarthy* v. *Walter,* 108 *N. J. L.* 282, and it is therefore controlling here. If the creation of the pension system made optional by the statute there considered is not classable as lawmaking in the opprobrious constitutional sense, *a fortiori* the mere acceptance of the custody and control of the common jail does not have that vice. See, also, *Eccles* v. *Township Committee of Egg Harbor Township,* 11 *N. J. Mis. R.* 698; *Noonan* v. *County of Hudson,* 52 *N. J. L.* 398.

Secondly, it is maintained that chapter 30 of the Laws of 1887 (the source of *R. S.* 1937, 30:8-19, *et seq.*) "was impliedly repealed by the Civil Service Law, *R. S.* 11:1-1, *et seq.*" It is said that the electors of the county, by their adoption of the Civil Service Act on November 7th, 1911, "expressed their will that the office of warden or keeper of the common jail * * * should be a part of that 'system of employment based upon businesslike methods of merit and fitness' "—quoting from *Walker* v. *Freeholders of Essex,* 82 *N. J. L.* 348. The point is devoid of substance.

Implied repealers are not favored in the law; and the requisite intent will not arise by implication unless the subsequent statute is plainly repugnant to the former, or is revisory in essence and designed to be a complete substitute for the former. *Hotel Registry Realty Corp.* v. *Stafford,* 70 *N. J. L.* 528; *Walker* v. *Freeholders of Essex, supra.* Such is not the case here. If the contention were sound, the adoption of the Civil Service Act by a municipality would *ipso facto* convert a term fixed by law into one of indefinite tenure within the classified civil service.

And, even though the implication of a repealer were justifiable, these provisions were all incorporated in the Revision of 1937, and thus were re-enacted as part of our subsisting statutory law. *Duke Power Co.* v. *Somerset County Board of Taxation,* 125 *N. J. L.* 431. As thus re-established, they are in *pari materia,* and are to be construed together as a related whole and effectuated accordingly.

The writ is accordingly dismissed, but without costs.