JACOB FOX, PROSECUTOR, v. THE BOARD OF EDUCATION OF NEWARK, IN THE COUNTY OF ESSEX, DEFENDANT.

THE BOARD OF EDUCATION OF NEWARK, IN THE COUNTY OF ESSEX, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, AND JACOB FOX, DEFENDANTS.

Submitted October 6, 1942—Decided January 19, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, Jacob Fox, *Charles E. McCraith, Jr.,* and *Homer C. Zink.*

For the defendant, The Board of Education of Newark, in the County of Essex, *Francis P. Meehan.*

For the prosecutor, The Board of Education of Newark, in the County of Essex, *Francis P. Meehan.*

For the defendant Civil Service Commission of the State of New Jersey, *David T. Wilentz.*

For the defendant Jacob Fox, *Charles E. McCraith, Jr.,* and *Homer C. Zink.*

The opinion of the court was delivered by

COLIE, J. A writ of *certiorari* was allowed Jacob Fox to review three resolutions adopted by the Board of Education

of the City of Newark. The first terminated the appointment and services of Fox as legal assistant to the Board. The second established a law department of the Board. The third appointed Francis P. Meehan as counsel to the Board. A further writ of *certiorari* was allowed on application of the Board of Education of the City of Newark to review a determination and order of the Civil Service Commission which set aside the action of the Board in terminating the employment of Jacob Fox. By consent, the two writs have been consolidated and submitted on briefs. We deal first with the writ allowed Mr. Fox who originally filed ten reasons for reversal, all of which were abandoned, excepting those having to do with his claim to tenure under the *Veterans' Tenure Act, R. S.* 38:16-1, as amended by *Pamph. L.* 1942, *ch.* 83, *p.* 326.

On February 13th, 1940, the Board of Education of Newark passed a resolution, reading:

"Resolution presented to the Board of Education of Newark in the County of Essex at its meeting held on February 13th, 1940

'*Resolved,* that Jacob Fox be and he hereby is appointed, under provisions of sections 18:6-27 and 11:22-26B of the Revised Statutes of New Jersey, as Legal Assistant to the Board of Education of Newark in the County of Essex, at a salary of seven thousand dollars ($7,000) per annum; dating from February fourteenth, nineteen hundred and forty; and as such Legal Assistant he shall be the legal advisor to the Board and its Officials upon questions arising in relation to their official duties and shall give his written opinion on all legal questions referred to him by the Board; he shall act as Counsel of the Board in prosecuting and defending any action or suit in which the Board is a party; he shall prepare all legal instruments necessary to be executed by the Board and shall approve all legal instruments presented to the Board. He shall perform such other duties as the Board may prescribe and attend all meetings of the Board and its Committees.' "

Acting under that appointment, Mr. Fox continuously performed his duties until July 1st, 1942, when, a change having

taken place in the composition of the Board of Education, a resolution was adopted which we set forth *in extenso:*

"Resolution presented to the Board of Education of Newark in the County of Essex at its meeting held July 1st, 1942.

*Resolved,* that the appointment of Jacob Fox by the Board of Education of Newark, in the County of Essex, under and by virtue of the following resolution of said board adopted on February 13th, 1940:

'*Resolved,* That Jacob Fox be and he hereby is appointed, under provisions of sections 18:6-27 and 11:22-26B of the Revised Statutes of New Jersey, as Legal Assistant to the Board of Education of Newark in the County of Essex at the salary of seven thousand dollars ($7,000) per annum, dating from February 14th, 1940, and as such Legal Assistant he shall be the legal advisor to the Board and its Officials upon questions arising in relation to their official duties and shall give his written opinion on all legal questions referred to him by the Board; he shall act as Counsel of the Board in prosecuting and defending any action or suit in which the Board is a party; he shall prepare all legal instruments necessary to be executed by the Board and shall approve all legal instruments presented to the Board. He shall perform such other duties as the Board may prescribe and attend all meetings of the Board and its Committees.'

be and the same hereby is terminated, if not previously terminated by the expiration of the preceding Board and the reorganization of the present Board."

On the same date, two further resolutions were adopted, the first establishing a law department of the Board of Education of Newark to consist of a counsel appointed by the Board and a companion resolution appointing Francis P. Meehan to fill the position of counsel at a yearly salary of $7,000.

Mr. Fox, the prosecutor, was honorably discharged from the military service of the United States on January 2d, 1919.

On the date of the adoption of the resolution terminating the employment of Mr. Fox, there was in force a statute, *R. S.* 38:16-1; *Pamph. L.* 1942, *ch.* 83, the pertinent part of which provided that "No person now holding any employ-

ment, position or office * * * including any person employed by a * * * board of education, * * *, whose term of employment, office or position is not now fixed by law, * * * and has been honorably discharged from the service of the United States * * *, prior to * * * such employment in or occupancy of such position or office, shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons.

"For the purposes of this section no term of office, position or employment of any person shall be deemed to be fixed by law or coterminous with that of the employing or appointing board or body by reason of the fact that such person was or is appointed or employed by a noncontinuous board or body; *provided, however,* that in no event is it intended that this act shall apply to appointments made for a fixed or stated period of time."

The significant and controlling language is that of the paragraph last above quoted.

The authority for the appointment of Mr. Fox arises from *R. S.* 18 :6-27, the pertinent part of which reads : "The Board shall appoint a person to be its secretary, and may appoint a superintendent of schools, a business manager, and other officers, agents, and employees as may be needed, and may fix their compensation and terms of employment, but no such appointee, officer, agent, or employee, other than the secretary, shall be a member of the board."

To sustain the resolution terminating the employment of Mr. Fox, the Board relies upon the cases of *Skladzien* v. *Board of Education of Bayonne,* 12 *N. J. Mis. R.* 602; *affirmed,* 115 *N. J. L.* 203, and *Evans* v. *Board of Education of Gloucester City,* 13 *N. J. Mis. R.* 506; *affirmed,* 116 *N. J. L.* 448. These cases stand for the proposition that Boards of Education are not continuous bodies, and that the term of office of one employed by a Board of Education, if such term is not fixed by the resolution appointing him, is coterminous with that of the appointing power. Subsequent

to the cited decisions, the 1942 amendment of the Veterans' Tenure Act was enacted, and in the light of that amendment it is clear that the legislature intended to and did nullify the effect of the cited cases where the appointee is a veteran holding an honorable discharge and where the resolution appointing him did not fix the term of office. The defendant, Board of Education, argues that Mr. Fox was a *de facto* officer and that therefore he did not possess tenure as a veteran. This argument proceeds along the line that there is no statutory authority for the appointment of a "legal assistant to the Board of Education," and this seems to be so. However, the authority to appoint "other officers, agents, and employees" is given by the provisions of *R. S.* 18:6-27, and we find as a fact that Mr. Fox was an employee of the Board of Education, and hold that the mere description of his employment as "legal assistant to the Board of Education" cannot deprive him of that status of an employee. Our attention is drawn to the cases of *Saller* v. *Burk,* 83 *N. J. L.* 152; *Toomey* v. *McCaffrey,* 116 *Id.* 364; *Van Brookhoven* v. *Kennedy,* 125 *Id.* 178, but we do not consider any of them in point.

It is next argued that the writ granted to Mr. Fox should be dismissed because of his failure to exhaust the statutory remedies before seeking the aid of this court by writ of *certiorari.* The argument is that Mr. Fox should have appealed to the Commissioner of Education and if unsuccessful there, to the State Board of Education. With this argument we are not in agreement. The controversy here involved is whether by reason of his status as a veteran, prosecutor could be removed from office "except for good cause shown, after a fair and impartial hearing." The question here involved arises under the Veterans' Tenure Statute, and is not within the jurisdiction of the Commissioner of Education, since his jurisdiction is limited to "controversies and disputes arising under the school laws." *Reilly* v. *Board of Education of Camden,* 127 *N. J. L.* 490.

We hold that the attempted removal of Jacob Fox by the resolution of July 1st, 1942, was illegal in that it violated his tenure, and is hereby set aside, with costs.

In view of the above holding, the question sought to be

raised by the Board of Education in the matter of the Board of Education of Newark, in the County of Essex, prosecutor, v. Civil Service Commission of the State of New Jersey and Jacob Fox, defendants, becomes moot and the writ of *certiorari* heretofore granted in that matter is dismissed, without costs.