19 N.J. Super. 453 (1952)
88 A.2d 662
EDWARD W. GREENE, PLAINTIFF,
v.
HUDSON COUNTY BOARD OF HEALTH AND VITAL STATISTICS ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued March 14, 1952.
Decided March 14, 1952.
*455 Mr. Frank G. Schlosser, attorney for the plaintiff.
Mr. Frederick J. Gassert, attorney for the defendants.
JOSEPH L. SMITH, J.S.C.
The plaintiff, Edward W. Greene, has instituted two separate actions, arising out of an alleged unlawful dismissal as clerk to the Hudson County Board of Health and Vital Statistics. One action is for summary review, under R.S. 11:25-4. The other is by a suit by way of a civil action in lieu of prerogative writ.
These actions are based upon questions of law and facts and under the rules are consolidated by order dated January 16, 1952. There is no oral testimony submitted to the court. The issues are presented by the pleadings and the pretrial order.
The court has considered the several exhibits offered, the briefs and oral argument of the parties.
The primary question seems to be, and counsel are in accord: Did the plaintiff have a term or a non-term appointment? Disposition of this primary question disposes of both claims of the plaintiff, under the Civil Service Act and under the Veterans' Tenure Act.
As I have stated, the plaintiff has instituted this suit for summary review, by way of complaint and order to show *456 cause, provided by Rule 3:79-2 and R.S. 11:25-4. In this action, the plaintiff alleges that his removal as clerk to the Board of Health and Vital Statistics of Hudson County, New Jersey, was in violation of the Civil Service Act and that the said plaintiff had tenure by virtue of the appointment held by him.
Plaintiff also, as I have stated, instituted suit by way of a civil action in lieu of prerogative writ, as provided under Rule 3:81. In this action, plaintiff alleges that his removal from office was in violation of the Civil Service Act and the Veterans' Tenure Act (R.S. 38:16-1 et seq., as amended L. 1942, c. 83, p. 326).
Defendant's defense to this action is that the plaintiff's appointment to the office of clerk was in violation of R.S. 26:11-3, which provides that the county board shall fix the duties, term, and compensation of every appointee. Since the board must fix the term, defendant contends and argues that the Civil Service and the Veterans' Tenure Acts are not applicable, and that plaintiff's appointment, without term, is unlawful. If such is to be found to be a fact, of course, it maintains that the appointment was for a fixed term.
The facts, as the court understands them, and on examination of the pretrial exhibits, seem to conflict as to the date of the plaintiff's appointment as clerk. The different resolutions of the board of health and vital statistics offered by plaintiff and defendant, disclose different dates, but all indicate up to a certain point that the original appointment and those following were made for a definite term.
However, in 1948, on January 21, 1948, the said board, by resolution, rescinded plaintiff's term appointment, which said appointment was the appointment of December 1, 1945, and by the same resolution, that is, the resolution of January 21, 1948, appointed plaintiff clerk of the Hudson County Board of Health and Vital Statistics, having re-created the said position, effective February 1, 1948, and this said appointment was without term, that is, no term was mentioned.
*457 This resolution further provided, and it was adopted, even though its provisions stated that:
"It now appears that such appointment for a term of years is not authorized by statute." (Pre-trial Exhibit P-2.)
It seems apparent, from an examination of the contentions of the plaintiff and the defenses set up by the defendant that a question for this court to determine, among others, is the status of the position of the clerk aforesaid. The office of clerk to the said board existed under L. 1874, c. 484, p. 569, and was, I believe, saved from repeal by R.S. 26:11-1(2). Though not specifically mentioned in R.S. 26:11-1, supra, the enactment of R.S. 26:11-1 was a re-enactment of that special act (L. 1874, c. 484, p. 569) in its entirety. Only so much of the special act as had not been modified, amended or repealed, was re-enacted, R.S. 1:1-21.
Paragraph 2 of that act provides:
"That it shall be lawful for said board to appoint a clerk, whose salary shall be fixed by the board of chosen freeholders * * *."
In line with the foregoing, there can be no doubt that the Legislature has created the office of clerk of said board.
The defendant, however, maintains that R.S. 26:11-1(2) as aforesaid, is modified and controlled by R.S. 26:11-3 which states:
"The county board shall have authority subject to the limitations of section 26:11-4 of this title to employ such personnel as it may deem necessary, including health officers and sanitary inspectors, to carry into effect the powers vested in it. It shall fix the duties, term, and compensation of every appointee, who shall be the agent of the board in the performance of any services assigned to it."
This section 26:11-1 and section 26:11-3 were both re-enacted in the Revision of 1937, and as such they must be looked at in the same light and with the thought in mind that the Legislature considered both at the same time and both were, it seems to me, given equal force and effect as *458 part of the public statute law of this State, as stated in Goff v. Hunt, 6 N.J. 600 (1951):
"The Revision of 1937 is a wholly independent enactment superseding all general laws * * *. It has also been held many times that implied repealers are not favored in the law and that the requisite intent will not arise by implication unless the subsequent statute is plainly repugnant to the former and is designed to be a complete substitute for the former. Hartman v. Board of Chosen Freeholders, 127 N.J.L. 170 (Sup. Ct. 1941) * * *."
It seems therefore to me that since both statutes were re-enacted at the same time it is apparent that if the Legislature had intended that a term be fixed for the clerk of said board, it would have so stated. Therefore, I am of the opinion that R.S. 26:11-3 is not intended to modify R.S. 26:11-1(2) and that the appointment of a clerk, without term, is valid.
Having expressed my views as heretofore, let us now look at the respective actions instituted by the plaintiff. In the summary review action under R.S. 11:25-4 plaintiff seeks to review his removal in violation of alleged civil service rights.
The law has been firmly settled in New Jersey that a litigant must exhaust his administrative remedies before he may resort to the courts. Ward v. Keenan, 3 N.J. 298 (1949); Rule 3:81-14.
Since the rules and statutes provide for administrative review and since plaintiff has failed to make use of said administrative review, the court, of necessity, must dismiss the action by way of summary review under R.S. 11:25-4.
The plaintiff's second action, as I have indicated, is in lieu of prerogative writ, and seeks relief by way of violation of either the Civil Service Act or the Veterans' Tenure Act. For the reasons previously mentioned the civil service provisions cannot be taken into consideration by this court, until after the proper administrative remedies have been exhausted.
However, the violation of the Veterans' Tenure Act, R.S. 38:16-1, as amended (L. 1942, c. 83, p. 326), is a matter the court may take direct action on and recognition of.
*459 It is stipulated and agreed that the plaintiff was an honorably discharged veteran. The act heretofore mentioned provides as to such veteran:
"No person now holding any employment, position or office under the government * * * of any county * * * whose term of employment, office or position is not now fixed by law, and receiving a salary from such * * * county * * * shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons. * * *"
The question I now have before me arises from the plaintiff's status as a veteran, and is not to be confused with any civil service rights. Therefore, any violation of the Veterans' Tenure Act is not within the jurisdiction of the Civil Service Commission or any other administrative state body wherein an appeal may lie outside the courts of this State. Fox v. Board of Education of Newark, 129 N.J.L. 349 (Sup. Ct. 1943).
It is equally well settled in this State that a veteran, coming within the provisions of the Veterans' Tenure Act, cannot be ousted from office without good cause shown and proper notice and hearing, when his term is not fixed. Grosso v. Erdman, 128 N.J.L. 223 (Sup. Ct. 1942); Kessler v. Minard, 134 N.J.L. 583 (Sup. Ct. 1946); Gallena v. Scott, 4 N.J. Super. 86 (App. Div. 1949); Fox v. Board of Education of Newark, supra.
Therefore, this court is of the opinion that the plaintiff, Edward W. Greene, was unlawfully ousted from his position as clerk to the Hudson County Board of Health and Vital Statistics, in direct violation of the Veterans' Tenure Act, R.S. 38:16-1 (as amended L. 1942 c. 83, p. 326) by virtue of the board's failure to provide "a fair and impartial hearing" and "for good cause shown."
Judgment therefore is rendered in favor of the plaintiff in so far as the complaint in lieu of prerogative writ maintains violation of the Veterans' Tenure Act.