24 N.J. Super. 120 (1952)
93 A.2d 632
MARION E. HAGERMAN, EXECUTRIX OF THE ESTATE OF JOSEPH PERRINE HAGERMAN, DECEASED, AND MARION E. HAGERMAN, INDIVIDUALLY, PETITIONER-RESPONDENT,
v.
LEWIS LUMBER CO., RESPONDENT-APPELLANT.
MARION E. HAGERMAN, PETITIONER-RESPONDENT,
v.
LEWIS LUMBER CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1952.
Decided December 24, 1952.
*122 Before Judges FREUND, STANTON and CONLON.
Mr. Isidor Kalisch argued the cause for respondent-appellant (Messrs. Kalisch & Kalisch, attorneys for respondent-appellant).
*123 Mr. Alexander Avidan argued the cause for petitioner-respondent (Mr. Thomas F. Shebell, attorney for petitioner-respondent).
The opinion of the court was delivered by STANTON, J.S.C. (temporarily assigned).
Joseph P. Hagerman sustained a compensable accident on May 3, 1945 while in the employ of Lewis Lumber Co., the respondent-appellant and hereinafter referred to as the respondent. On December 28, 1946 there was an award in the Workmen's Compensation Bureau, inter alia, of compensation based upon 35% of permanent total disability. The injury was of a cardiac nature. The award was paid in full as of November 18, 1948. Hagerman died on May 14, 1949. On June 23, 1949 his widow, as executrix of his estate and in her individual capacity, filed a petition for further compensation because of his increased disability and another, as his widow, in which she alleged that the death was due to the compensable accident and sought compensation as his sole dependent.
There was a determination in the Workmen's Compensation Division that Hagerman was totally and permanently disabled prior to his death and that as of the time of death he was entitled to 400 weeks compensation less what had been paid during the period of 175 weeks. There was a further finding that since the death was due to the accident, the payment for disability would terminate as of the date of death. The net result was that compensation for a period of 25-3/7 weeks was awarded to his estate.
There was also an award of compensation to the widow based upon the conclusion that the death was causally related to the accident.
There were appeals from these determinations to the County Court where they were affirmed. The employer now appeals from the judgments of the County Court.
It is contended that the Workmen's Compensation Division had no jurisdiction to entertain the petition of the decedent's personal representative for compensation for increased *124 disability. R.S. 34:15-27 provides in part as follows:
"* * * A formal award, determination and rule for judgment or order approving settlement may be reviewed within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employee has subsequently increased. An award, determination and rule for judgment or order approving settlement may be reviewed at any time on the ground that the disability has diminished. In such case the provisions of section 34:15-19 of this Title with reference to medical examination shall apply."
While it is conceded that the decedent had the right to make such a claim under this section within two years of November 18, 1948, it is urged that because of his failure to do so in his lifetime there was an abatement upon his death; and that such failure deprived the respondent of its right to make the physical examinations to which it is entitled under R.S. 34:15-19. It is argued that this latter statutory provision implies that compensation for increased permanent disability may be awarded only when the injured employee applies for it in his lifetime and that the respondent was prejudiced by the lack of an examination in the period for which increased disability is claimed. There is no statutory provision expressly granting the personal representative the right to make an application such as this. And the statute quoted above literally limits the making of an application for a review of an award to either of the parties. Reference is made by the executrix to King v. Western Electric Co., 122 N.J.L. 442 (Sup. Ct. 1939), wherein the right of the personal representative of a deceased employee to prosecute the proceeding which the employee had commenced for compensation due to increased disability was recognized. This case merely affirmed the right of the personal representative to continue the prosecution of such a proceeding; it did not consider his right to initiate one. It is our conclusion that the Workmen's Compensation Division lacked the jurisdiction to entertain the personal representative's petition for compensation based *125 upon the increased disability of the decedent for the reason that she was not a party to the award sought to be reviewed. Cf. Lusczy v. Seaboard By-Products Co., 101 N.J.L. 170 (E. & A. 1925).
The respondent contends that the widow failed to sustain the burden of establishing that her husband's death was causally related to the accident. It urges that her claim for compensation flows directly to her under the statute and does not come to her as the representative of her deceased husband, citing Lusczy v. Seaboard By-Products Co., supra, and Eckert v. N.J. State Highway Department, 1 N.J. 474 (1949), and that the adjudication by the Workmen's Compensation Bureau in December 1946 that her husband sustained a compensable accident, is not res adjudicata in her proceeding as a dependent but only with respect to the claim of the employee himself. There is no merit in this. There is only one accident involved here, namely that of May 3, 1945, and it was determined that it was a compensable one and that the respondent was liable for the payment of compensation to Hagerman under the statute. That was not questioned and the award was paid. There are varying benefits to different persons under the statute where there is a compensable accident, for example, for temporary as well as permanent disability to the employee, as well as for a subsequent increase of incapacity; then there is the right to medical and hospital services; when death results the employee's dependents are entitled to compensation, and there is an allowance for funeral expenses. The statute has been long recognized as a remedial one which should be liberally construed. The accident is either a compensable one, or it is not. If in a proper proceeding it has once been determined to be compensable, that fact is res adjudicata in any subsequent proceeding under the act for other benefits provided therein. Ten Eleven Corporation v. Brunner, 135 N.J.L. 558 (Sup. Ct. 1947); Breheny v. County of Essex, 132 N.J.L. 584 (Sup. Ct. 1945), affirmed 134 N.J.L. 129 (E. & A. 1946). It follows, then, that the petitioner was *126 required only to establish a causal relation between the adjudicated compensable accident and the death of the employee.
There was received in evidence over the objection of the respondent the testimony given by the decedent in the hearing upon his petition. The objection was that the widow's proceeding for compensation as a dependent was entirely separate and distinct from that of her husband for disability. A similar situation was dealt with in Welch v. County of Essex, 6 N.J. Super. 422 (Cty. Ct. 1949), affirmed 6 N.J. Super. 184 (App. Div. 1950), where Judge Hartshorne made an extensive review of the authorities. There the deposition of an injured employee taken in his proceeding for compensation was admitted in evidence on his widow's petition for compensation as a dependent. We are of the opinion that there was no error in the admission of the transcript of such testimony. The respondent had the opportunity and did cross-examine the decedent on the accident and the resulting injury to his heart. And our conclusion that the compensability of the accident is res adjudicata minimizes the importance of this testimony.
It appears from the proofs that the decedent discontinued work after the occurrence, went to his home which was a half block from the place of his employment, and Dr. Booth was called to treat him. He was confined to bed for six weeks and then to the house for about four weeks before returning to work. He remained on the job until October 3, 1945, but during this period he was unable to perform his former duties. He was able to do only light work and because of this was laid off. Thereafter he had no employment until the summer of 1948 when he worked at a seashore bath house during a period of two months. His job consisted of handing out locker keys. The petitioner testified that the decedent had no gainful employment other than the above since the time of the accident; that he did light work around the house such as raking leaves, that he suffered more frequent and severe pain as time went on, and that there was a gradual decline in his condition.
*127 Dr. Booth, who treated the decedent from the day of the accident until his death, testified that he had a myocardial infarction resulting from a coronary thrombosis and that this left him with a damaged heart; that the decedent gradually went downhill, his pains were more frequent and more severe and his physical activity gradually decreased. In the spring of 1948 he observed rales which indicated heart failure. He testified that he saw the decedent on November 8, 1948 and at that time his disability was practically complete and he was unable to perform any work; that the slightest exertion caused him pain. He stated that the decedent's disability was then 100% of total. He saw the decedent a few hours before his death, at which time he was suffering very severe pains in his chest. He gave as the cause of death a coronary thrombosis and stated that there was a direct causal relation between the accident and the death.
Dr. Arthur Bernstein testified that he examined the decedent on November 5, 1945 and found an arterio-myocardial infarction and estimated the decedent's permanent disability as of that time as 50% of total. He gave it as his opinion that as a result of the accident damage was inflicted on the myocardium which caused a strain to be thrown upon the rest of his heart with resulting hypertrophy and dilation. He stated that the decedent had an underlying arteriosclerotic condition and that while it might have brought about the second infarction he regarded it only as a possibility and not a reasonable probability. His opinion was that there was a causal relation between the accident and the death. The point is made by the respondent that in a hypothetical question submitted to Dr. Bernstein there was included the recital that Dr. Booth on his examination of the decedent in the spring of 1948 had found some rales in the decedent's chest which he said were indicative of slight heart failure. It is argued that a hypothetical question which includes the opinion of another is improper. This is generally true. Ten Eleven Corporation v. Brunner, supra, at page 560. The question was not objected to and it is said that it is not necessary to *128 object to such a question, citing Zaklukiewicz v. Western Electric Company, 16 N.J. Super. 189 (App. Div. 1951). The testimony of Dr. Booth that he found rales upon his examination is the report of a finding of a symptom and that, coming from a physician, is a statement of fact. His testimony that it indicated heart failure is an expression of opinion. The inclusion of that statement of opinion in the hypothetical question would afford ground for objection. However, in a question to a recognized cardiologist it seems to us harmless. At most it was something that might be taken into consideration by the trial court in evaluating the weight to be given the answer.
Dr. Jerome M. Kaufman testified that there was no causal relation between the accident and the death. He gave it as his opinion that the original myocardial infarction had healed and that the second infarction was based on a pre-existing coronary sclerosis.
This court has the power to make independent findings of fact, and it may be exercised to such extent as the interests of justice may require. Rule 3:81-13. It is not exercised unless the court is satisfied that the interests of justice require it. And the determination of the facts by the County Court should not be disturbed unless we are well satisfied that it is a mistaken one. Donofrio v. Haag Bros. Inc., 10 N.J. Super. 258 (App. Div. 1950); McGowan v. Peter Doelger Brewing Co., 10 N.J. Super. 276 (App. Div. 1950); Folsom v. Magna Manufacturing Co., 14 N.J. Super. 363 (App. Div. 1951).
Our former Court of Errors and Appeals held in workmen's compensation cases that where two independent and distinct tribunals, such as the Workmen's Compensation Bureau and the Court of Common Pleas, had reached the same conclusion on an issue of fact, that the conclusion so reached should not be lightly disturbed by the appellate court. Mountain Ice Co. v. Durkin, 6 N.J. Misc. 1111 (Sup. Ct. 1928), affirmed 105 N.J.L. 636 (E. & A. 1929); Price v. Price, 9 N.J. Misc. 435 (Sup. Ct. 1931), affirmed 109 *129 N.J.L. 349 (E. & A. 1932); Reis v. Breeze Corporations, Inc., 129 N.J.L. 138 (E. & A. 1942).
Upon a review of the record we cannot conclude that there is error in the judgment of the County Court. There was sufficient competent evidence from which the court below might properly determine that the accidental injury sustained by the decedent on May 3, 1945 was a contributing cause of his death and that the petitioner had sustained the burden of proof which in Gilbert v. Gilbert Machine Works, Inc., 122 N.J.L. 533 (Sup. Ct. 1939), was stated to be as follows:
"The law places the burden of proof on the petitioner for compensation; and it is not sustained unless the evidence preponderates in favor of the tendered hypothesis. That must be a rational inference, i.e., based upon a preponderance of probabilities according to the common experience of mankind. It is required to be a probable or more probable hypothesis with reference to the possibility of other hypotheses. Jackson v. Delaware, Lackawanna and Western Railroad Co., 111 N.J.L. 487; Kuczynski v. Humphrey, 118 Id. 321; Manziano v. Public Service Gas Co., 92 Id. 322."
The judgment in favor of the executrix is reversed without costs.
The judgment in favor of the widow is affirmed.