MARION E. HAGERMAN, PETITIONER-RESPONDENT, v.
LEWIS LUMBER COMPANY, RESPONDENT-APPELLANT.

Argued September 9, 1953—Decided October 5, 1953.

*Mr. Isidor Kalisch* argued the cause for the appellant (*Messrs. Kalisch and Kalisch*, attorneys).

*Mr. Alexander Avidan* argued the cause for the defendant (*Mr. Thomas F. Shebell*, attorney).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal in a workmen's compensation case which is before the court on certification granted under *Rule* 1:5–2, now *R. R.* 1:10–2, on respondent's petition therefor. 12 *N. J.* 246 (1953).

The respondent's decedent sustained what was found to be a compensable injury on May 3, 1945, while in the employ of the appellant. The injury was of a cardiac nature and the Bureau made an award for 35% permanent total disability. The award was paid in full on November 18, 1948, and decedent died on May 14, 1949. It is admitted that the cause of the death was a coronary thrombosis with a myocardial infarction.

On June 23, 1949 the respondent, as executrix of the estate and in her individual capacity, filed two petitions, one seeking an award for increased disability between the time of the original award and the date of death, and the second petition as his widow in which she alleged that the death was due to the compensable accident and sought death benefits and compensation as his sole dependent. After hearing the Bureau found that as of the date of death and prior thereto the decedent was totally and permanently disabled

and made an additional award of permanent total disability of 25 3/7 weeks. The Bureau also made an award of compensation to the widow on her second petition based upon the conclusion that the death was causally related to the accident of May 3, 1945. There were appeals from these determinations of the Bureau to the County Court where they were affirmed.

On appeal the Appellate Division reversed the award of 25 3/7 weeks for increased disability on the ground that the Bureau was without jurisdiction to entertain such a petition for the reason that the widow, as executrix of the estate, was not a party to the proceeding when the original award was made. The widow has taken no appeal with respect to this determination of the Appellate Division and the question is therefore not before this court. The Appellate Division affirmed the award to the widow for death benefits as the dependent of the decedent.

The appellant now argues that the respondent-widow failed to provide the necessary competent and legal proof to overcome the presumption rule against her claim as established in the heart cases. *Bryant v. Fissell*, 84 *N. J. L.* 72 (*Sup. Ct.* 1913); *Lohndorf v. Peper Bros. Paint Co.*, 134 *N. J. L.* 156 (*Sup. Ct.* 1946), affirmed 135 *N. J. L.* 352 (*E. & A.* 1947).

The prior determination of the Bureau that the original injury was the result of an accident that arose out of and in the course of the employment, was not appealed from and is dispositive of whether or not that injury was compensable. ■ The question now before this court is one of fact: Whether that accident and that injury were a contributory cause of death and the medical testimony can necessarily be controlling on such a question. The respondent had the burden of showing that the accident met in the employment was a contributory cause of death. *Bryant v. Fissell, supra; Cf. Ten Eleven Corp. v. Brunner*, 135 *N. J. L.* 558, 564 (*Sup. Ct.* 1947).

■ We have carefully examined all the testimony, including that given in the prior hearing, which we consider admis-

sible for the reasons stated in the opinion of the Appellate Division, and we are firmly of the opinion that the accident was a contributory and inducing cause of the resulting death as found by the three lower tribunals. We are satisfied that the respondent who had the burden of proof that the original accident and injury were causally related to the death, has met this burden by her proofs. *Hopler v. Hill City Coal & Lumber Co.*, 5 *N. J.* 466, 471 (1950).

At this stage in this litigation it is of no moment whether the prior compensable accident caused the initial damage to the heart or whether there was an existing pathological condition which the accident aggravated. A total permanent disability to the extent originally found could not but help to shorten the life of the decedent and the proof is that total disability came in due course and death inevitably followed.

■ This court may make new and amended findings of fact on the review of any cause not determined by a jury, *Rule* 1:2–20(a), now *R. R.* 1:5–3(a), but the power is permissive and is exercised when the ends of essential justice require it in a particular case. *Cf. Temple v. Storch Trucking Co.*, 3 *N. J.* 42 (1949); *Midler v. Heinowitz*, 10 *N. J.* 123 (1952); *Spindler v. Universal Chain Corp.*, 11 *N. J.* 34 (1952).

As to the alleged error in the hypothetical question, this was not harmful and the appellant's objection was adequately answered by the Appellate Division, 24 *N. J. Super.* 120 (1952).

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.