44 N.J. Super. 79 (1957)
129 A.2d 753
HENRY F. GILL, PLAINTIFF-RESPONDENT,
v.
THE BOARD OF EDUCATION OF THE TOWNSHIP OF HAMILTON, IN THE COUNTY OF MERCER AND STATE OF NEW JERSEY, AND WILLIAM HENRY LAWTON, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1957.
Decided February 27, 1957.
*80 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Frank I. Casey argued the cause for defendants-appellants.
Mr. George Pellettieri argued the cause for plaintiff-respondent (Messrs. Pellettieri & Rabstein, attorneys).
The opinion of the court was delivered by CONFORD, J.A.D.
The Law Division held that plaintiff holds tenure as attorney for the Board of Education of the Township of Hamilton as a war veteran under the provisions of N.J.S.A. 38:16-1. The defendants appeal on the single ground that plaintiff's appointments to this position, properly construed, were each for a fixed term and that in such case the statute by its terms does not confer tenure.
Plaintiff's first appointment was made by resolution of the Board June 24, 1954 "for a term of one (1) year beginning July 1, 1954"; the second, by resolution dated June 8, 1955, to the effect that "Henry F. Gill be, and he hereby is, appointed Attorney for the Board," etc., "to succeed himself, and to commence July 1, 1955 * * *."
Plaintiff was subsequently removed as attorney for the Board without charges or hearing by a resolution which recited, among other grounds for removal, that he had been last appointed on a motion voted upon by a member of the Board who was also a law partner of the appointee, which *81 constituted the appointment illegal. At the same time the Board adopted another resolution appointing William H. Lawton as its counsel for a term from March 20, 1956 to June 30, 1959.
Plaintiff makes two contentions: (1) that his 1954 appointment amounted to an appointment without term, for the reason that the Board had no authority to fix a term for his employment; and (2) that, in the alternative, his 1955 appointment, having been made without fixing a term, constituted his employment one without term, giving him tenure under the act cited. It is undisputed that the plaintiff is an honorably discharged veteran of World War II.
The first contention is without merit. N.J.S.A. 18:6-27 specifically authorizes a Board of Education to appoint "other officers, agents, and employees as may be needed, and may fix their compensation and terms of employment * * *." The position of attorney for the Board is not one of those with respect to which the Board is mandatorily required by the statute to make an appointment and fix a term, as, for example, a medical inspector, Talty v. Board of Education of School Dist. of City of Hoboken, 10 N.J. 69 (1952), and the employment therefore falls in the residual category of N.J.S.A. 18:6-27 covering other officers, agents and employees as to whom the Board may fix terms of employment. Consequently, if there were nothing before us other than the 1954 appointment, under which the plaintiff was appointed for a term of one year, he would have no case.
As to the 1955 appointment, it is apparent that it does not, on its face, purport to fix a term. In Fox v. Board of Education of Newark, 129 N.J.L. 349 (Sup. Ct. 1943), affirmed 130 N.J.L. 531 (E. & A. 1943), it was held that a veteran employed as legal assistant to a Board of Education by a resolution which did not fix a term obtained tenure under the statute. It is argued on behalf of the defendant Board, however, that the 1955 appointment must be deemed intended to have been made on the basis of a one-year term. Reliance is had upon the phrase, "to succeed himself," in the resolution. It is contended that this imports an appointment *82 to the identical kind of position and for the same term as that which the appointee held before the reappointment. No authority is cited which would justify the construction advanced. To "succeed," in this context, means "to follow (one) next after, as by being the heir or the elected or appointed successor," Webster's New International Dictionary. While succession implies the vesting of all of the incidents of a position or office, it does not of itself create any. What the appointee takes depends upon the nature of the office. If it is one which has been created by or under law and has legally fixed incidents, including a specified term, as is the case with many constitutional and statutory offices, the appointment of an individual to such an office carries the term as well, not by virtue of the use of the word, "succeed," in the appointment, but by virtue of the appointment itself. In the present case the statute authorizing the appointment, N.J.S.A. 18:6-27, plainly contemplates the fixing of terms of employment for the officer or employee, as to such employees as plaintiff, not for the office or employment itself. The statute provides that the Board may appoint officers, agents and employees as may be needed "and may fix their compensation and terms of employment" (emphasis supplied). Nothing that the defendant Board did prior to the 1955 appointment of the plaintiff can, therefore, be regarded as a fixing of the term for an office of attorney or counsel, but only as the fixing of the terms of service of the particular persons theretofore appointed from time to time as attorney or counsel.
The defendant Board cites Board of Education of Cedar Grove v. State Board of Education, 115 N.J.L. 67 (Sup. Ct. 1935), to illustrate that a resolution of appointment can be construed to fix a term of employment notwithstanding that the language used does not do so expressly, where the background and circumstances surrounding the employment indicate that a term was intended. Such an intention was found in that case on the basis of a long series of prior appointments of the individual in question for annual terms of one year. But that decision is not applicable in the *83 present case, since the plaintiff had had only one previous appointment at the hands of this Board. The fact that the prior holder of the corresponding position had been appointed and reappointed for a long period of time, generally on an annual basis, would not control as to the intention applicable to the appointment of the plaintiff. He was not a party to those transactions. The current Boards were free to treat plaintiff differently than prior Boards had treated his predecessor. Since, moreover, as has been indicated, the education statute contemplates that any term fixed in the case of a position such as this one shall appertain to the employee rather than to the position, the intention of the 1955 resolution of appointment, in so far as any ambiguity as to term is concerned, should be sought primarily in the history of the Board's relationship with this plaintiff alone. In that view, all we have before us are the 1954 and 1955 appointments, the first fixing a term of one year, and the second fixing no term whatever. There is no reliable basis upon which we can take the liberty of saying that in making the 1955 appointment the Board intended a term, when it failed to fix one. The fact that it did fix a term in making the 1954 appointment of the same person is indicative of its capacity to express itself precisely in the matter of fixing a term where it so intends. And the appointment of the defendant Lawton for a term of three years, three months and ten days tends to refute the argument that the Board has a fixed policy for one-year appointments of its attorney.
The public policy of the veterans tenure statute is of long standing, and its protection is not lightly to be whittled away. De Vita v. Housing Authority of City of Paterson, 17 N.J. 350, 355 (1955). We conclude that it is not sufficiently clearly indicated that a fixed term was intended in the 1955 appointment and that the status of the plaintiff must therefore be adjudged upon the basis of the language of the resolution as it stands. Since that appoints the plaintiff without fixing a term, it follows that he has tenure and was immune to removal except for good cause after hearing.
*84 We need give no consideration to any of the other points considered in the opinion of the trial court or otherwise bearing upon the question since no other contention is urged by the defendants on this appeal.
Affirmed.