REGINA GIERMAN, PETITIONER-RESPONDENT, v. M & H MACHINE CO., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 29, 1986—Decided October 14, 1986.

Before Judges J.H. COLEMAN and R.S. COHEN.

*Stacy L. Moore, Jr.,* argued the cause for appellant *(Parker, McCay & Criscuolo,* attorneys; *Stacy L. Moore, Jr.,* on the brief).

*Thaddeus P. Mikulski, Jr.,* argued the cause for respondent *(Dietrich, Dietrich & Mikulski,* attorneys; *Thaddeus P. Mikulski, Jr.,* on the brief).

The opinion of the court was delivered by

J.H. COLEMAN, J.A.D.

The novel question raised by this workers' compensation case is whether the 1979 legislative change in the standard for determining whether a heart attack is work connected applies to a case in which petitioner seeks to establish a causal relationship of a heart attack to a previously adjudicated compensable condition. The Judge of Compensation found that the statute

did not apply. We agree and affirm for the reasons which follow.

On June 29, 1979 a judgment was entered in the Division of Workers' Compensation finding that Howard Gierman was totally and permanently disabled as the result of his occupational exposure to pulmonary irritants while working for respondent. The disability was characterized as chronic, obstructive pulmonary disease including emphysema. Howard Gierman died on March 28, 1981, at the age of 66 while still collecting the total disability award. Petitioner filed a dependency claim pursuant to *N.J.S.A.* 34:15–13 and reopened the 1979 judgment pursuant to *N.J.S.A.* 34:15–27. Both claims were consolidated for trial. At the conclusion of the trial, the judge of compensation found that decedent died from acute cardiac arrest which was materially caused by the chronic obstructive pulmonary disease. The widow was awarded dependency benefits and the reopener was dismissed.

The respondent has appealed contending that the widow failed to establish that the decedent's death was compensable under *N.J.S.A.* 34:15–7.2. The statute which was enacted by *L.* 1979, *c.* 283, § 3 and became effective January 10, 1980, provides:

> In any claim for compensation for injury or death from cardiovascular or cerebral vascular causes, the claimant shall prove by a preponderance of the credible evidence that the injury or death was produced by the work effort or strain involving a substantial condition, event or happening in excess of the wear and tear of the claimant's daily living and in reasonable medical probability caused in a material degree the cardiovascular or cerebral vascular injury or death resulting therefrom.
>
> Material degree means an appreciable degree or a degree substantially greater than de minimis.

The trial judge concluded that the foregoing statute was not implicated because the decedent established that his pulmonary pathology was related to his employment when the 1979 judgment was entered. The judge of compensation accepted the testimony of petitioner's expert, Dr. Rowland Goodman, and further found that the chronic obstructive pulmonary disease made decedent prone to more upper respiratory infections and

the infections combined with the ongoing inflammatory process in the lungs to cause decedent to have a productive cough. The lung pathology also caused some compromise of the oxygen supply to the heart. While decedent was coughing, his heart sustained further oxygen deprivation which caused ventricular fibrillation. Consequently, Mr. Gierman suddenly collapsed and died from cardiac arrest.

We are completely satisfied from our careful study of the record that the findings and conclusions of the Judge of Compensation "could reasonably have been reached on sufficient credible evidence ..., considering the proofs as a whole." *Close v. Kordulak Bros.*, 44 *N.J.* 589, 599 (1965); *see also DeAngelo v. Alsan Masons, Inc.*, 122 *N.J.Super.* 88, 89–90 (App.Div.1973), aff'd o.b., 62 *N.J.* 581 (1973). We therefore find no warrant to disturb those findings.

■ The employer argues that if cardiac arrest was the cause of death, this is a "claim for compensation for ... death from cardiovascular ... causes" within the meaning of *N.J.S.A.* 34:15–7.2. It urges that the petitioner must prove that the cardiac arrest was produced by work effort or strain. One of the purposes of the *N.J.S.A.* 34:15–7.2 was to increase the quantity of the work effort or strain required to sustain a compensable heart attack under *Dwyer v. Ford Motor Co.*, 36 *N.J.* 487, 491–492 (1962). *Perno v. Ornstein Fashions, Inc.*, 196 *N.J.Super.* 174, 176 (App.Div.1984). Any unreasonable construction of *N.J.S.A.* 34:15–7.2 must be avoided where a reasonable interpretation may be found. Similarly, we will not construe the statute so as to lead to an unreasonable, absurd or anomalous result. *See State v. Gill*, 47 *N.J.* 441, 444 (1966); *Citizens for Chart. Change, Essex Cty. v. Caputo*, 151 *N.J.Super.* 286, 290 (App.Div.1977), certif. den. 75 *N.J.* 527 (1977). Consistent with these principles, we reject respondent's construction because its construction would lead to unreasonable and absurd results.

*N.J.S.A.* 34:15–7.2 establishes the standard for determining whether a cardiovascular or cerebral vascular episode is com-

pensable, but it has no influence upon a decision of whether a heart attack or a cerebral vascular episode is causally connected to a previously adjudicated compensable condition. Here, the widow alleged that the death of her husband was a complication or ultimate outcome of his chronic obstructive pulmonary disease. She "was required only to establish a causal relation between the adjudicated compensable accident [or occupation exposure] and the death of the employee." *Hagerman v. Lewis Lumber Co.*, 24 *N.J.Super.* 120, 125–126 (App.Div.1952), aff'd 13 *N.J.* 315 (1953); *see also Close v. Kordulak Bros., supra*, 44 *N.J.* at 592–602; *McAllister v. Bd. of Ed., Kearny*, 79 *N.J.Super.* 249, 253 (App.Div.1963), aff'd 42 *N.J.* 56 (1964). We are completely satisfied that *N.J.S.A.* 34:15–7.2 was not intended to alter the *Hagerman* line of cases. We hold that the statute applies when a petitioner seeks to establish that the heart attack is related to the work effort or strain, but it does not apply when a petitioner seeks to establish that the heart attack is related to a condition previously adjudicated to be compensable. The same rule would apply to a cerebral vascular episode.

The judgment under review is affirmed.